**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

UNITED STATES OF AMERICA  )
          )
v.           )  No. 3:01-CR-0373-G
          )  ( No. 3:05-CV-0114-G)
DONALD RICHARD CHURCHILL )

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the District Court, this case

has been referred to United States Magistrate Judge Paul D. Stickney whose findings, conclusions,

and recommendation follow:

**FINDINGS AND CONCLUSIONS**

Donald Richard Churchill ("Movant") seeks to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255. Movant is a federal inmate currently incarcerated in a federal

correctional facility in Beaumont, Texas. Respondent is the United States of America.

**Statement of the Case**

Movant was convicted of attempting to damage and destroy, by means of fire and an

explosive, a building used in interstate commerce. He was also convicted of using, carrying, and

possessing a destructive device in furtherance of arson.[1] Movant elected to proceed before a jury,

---

[1] Movant was charged in a seven-count indictment on December 4, 2001. In counts one
and three, he was charged with malicious damage to property, and aiding and abetting, in
violation of 18 U.S.C. §§ 844(1) and 18 U.S.C. § 2 ("§ 2"). In count two, he was charged with
possession of a destructive device, and aiding and abetting, in violation of 18 U.S.C. §§
924(c)(1)(B)(ii) & 2. In count four he was charged with using and carrying a destructive
device, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(C)(ii) & 2. Counts
five, six, and seven charged him with making false declarations to the grand jury, each in

and the jury found him guilty on May 13, 2002.  On July 23, 2002, the District Court sentenced him to a term of 152 months for the attempt charge and life imprisonment on the charge involving the use of a destructive device.   The Fifth Circuit Court of Appeals affirmed the judgment.[2]  *United States v. Churchill*, No. 02-10905 at *5 (5th Cir. Oct. 6, 2003) (unpublished).  On January 18, 2005, Movant filed a timely petition for relief under 28 U.S.C. § 2255.

## Statement of the Claims

Movant raises the following claims in his petition for habeas corpus relief:

1.      His sentence violates *Blakely v. Washington*, 542 U.S. 296, 305 (2004);

2.      the trial court erred by allowing inadmissible testimony;

3.      the Government engaged in prosecutorial misconduct by introducing prejudicial testimony;

4.      the Government engaged in prosecutorial misconduct by improperly granting immunity to a cooperating witness;

5.      the indictment was constructively amended during trial;

6.      he received ineffective assistance of trial and appellate counsel; and

7.      the cumulative effect of all the errors resulted in an unfair trial.

(Mov.'s Mot. at 4-8.)

---

violation of 18 U.S.C. § 1623(a).

[2]  On appeal Movant raised the following issues:(1) the evidence was insufficient to support his convictions; (2) the trial court plainly erred in admitting opinion evidence by the investigating officer regarding an immunity agreement; (3) the trial court abused its discretion in allowing the Government to elicit testimony about his misconduct and bad character; (4) the trial court abused its discretion in allowing the prosecutor to ask a witness whether he believed Movant was "crooked" and engaged in shady deals; and (5) the trial court erred in admitting evidence that Movant was intoxicated during the clean-up process.

## Scope of Review

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited.  Issues raised

and decided on appeal from a judgment of conviction are not considered in § 2255 motions.

*United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Spears v. McCotter*, 766 F.2d 179, 181

(5th Cir.  1985).  The statute affords judicial review only for constitutional errors and other issues

that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of justice if

left unaddressed.   *See United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994).   Before a

petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for

his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from

the error.  *United States v. Frady*, 456 U.S. 152, 168 (1982);  *United States v. Shaid*, 937 F.2d

228, 232 (5th Cir. 1991).  This high hurdle ensures that final judgments command respect and that

their binding effect is not disturbed by an endless series of post-conviction collateral attacks.

*Frady*, 456 U.S. at 168.  A defendant may satisfy the cause and prejudice test by proving that

counsel provided constitutionally  ineffective assistance.  *See United States v. Acklen*, 47 F.3d

739, 742 (5th Cir. 1995); *see also United States v. Patten*, 40 F.3d 774, 775 (5th Cir. 1994).

Additionally, ineffective assistance of counsel may constitute an independent basis for post-

conviction relief.  *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *see also*

*Shaid*, 937 F.2d at 232.

## Ineffective Assistance of Trial and Appellate Counsel

The Sixth Amendment to the United States Constitution guarantees that in all criminal

prosecutions, the accused has the right to the assistance of counsel for his defense.  U.S. CONST.,

art. VI.  To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 691 (1984).  In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance, or that, under the circumstances, the challenged action might be considered sound trial strategy.  *Id*. at 689.

A petitioner's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence, courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prong if one component is found lacking.  *Id*. at 697.  The prejudice prong of the *Strickland* test requires a petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id*. at 694.

An ineffective appellate-assistance claim is governed by the same standard announced in *Strickland*.  *United States v. Merida*, 985 F.2d 198, 201 (5th Cir. 1993).  Appellate counsel need address only those nonfrivolous issues which are most likely to succeed on appeal. *Mayo v. Lynaugh*, 882 F.2d 134, 138 (5th Cir. 1989).  In other words, appellate counsel must examine the record with a view to selecting the most promising issues for review.  *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

## Analysis

4

### *Blakely*[3] **Error**

Movant claims that there was *Blakely* error in this case because the District Court enhanced his sentence for aiding and abetting when no party was found guilty of the underlying statute.  He asserts that the jury's verdict standing alone does not indicate whether the jury specifically found Movant guilty as a principal or as an aiding and abetting party.

In *Blakely*, the United States Supreme Court held that the state trial court's finding during sentencing that defendant acted with deliberate cruelty, violated defendant's Sixth Amendment right to trial by jury where the finding resulted in a sentence that was more than three years above the 53-month statutory maximum of the standard range for his offense.  *Blakely*, 542 U.S. at 305. The Government correctly points out in its response that *Blakely* is not applicable to the facts of this case. (Resp. at 2.)  Aiding and abetting is not a sentencing enhancement factor.  Nor does it define a crime.  Rather, the statute merely makes punishable as a principal one who aids or abets another in the commission of a substantive offense.  *Powers v. United States*, 470 F.2d 991 (5th Cir. 1972).   The terms of 18 U.S.C. § 2 provide:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

A defendant cannot violate § 2 without committing a substantive offense.  *United States v. Cowart*, 595 F.2d 1023, 1031 (5th Cir. 1979).  Movant committed the substantive offense, or he is considered to be a principal who committed the substantive offense because he aided, abetted, counseled, commanded, induced, or procured its commission.  The statutory punishment range for

---

[3]  *Blakely v. Washington*, 542 U.S. 296, 305 (2004).

committing the substantive offense is identical to the range for aiding and abetting.  Movant's claim of a *Blakely* error should be denied.

## Trial Court Error and Prosecutorial Misconduct

Movant alleges that (1) the trial court committed error by allowing inadmissible and inflammatory testimony and (2) the government committed prosecutorial misconduct when it introduced prejudicial and inflammatory testimony, solely to impugn his character.  Movant raised these claims on appeal.  After considering each claim, the appellate court affirmed his convictions.  Issues that have been decided adversely to a defendant on direct appeal may not be considered again in a § 2255 motion.  *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979); *Ordonez v. United States*, 588 F.2d 448, 448-49 (5th Cir. 1979).  Movant's claims of trial court error in the admission of evidence and prosecutorial misconduct regarding the introduction of prejudicial and inflammatory testimony need not be reconsidered.

## The Government's Grant of Immunity to a Cooperating Witness
## and Constructive Amendment of the Indictment

Movant contends that the Government improperly granted immunity to a cooperating witness and that the indictment was constructively amended during the trial.  Movant did not raise these claims on appeal.  Before a petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error.  *Frady*, 456 U.S. at 168; *Shaid*, 937 F.2d at 232.  A petitioner must show that "some objective fact external to the defense" kept him from raising the issue under the required procedural rule.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  He must also show that the error "worked to his actual and substantive disadvantage, infecting his

entire trial with error." *Frady*, 456 U.S. at 170.  Movant has shown neither cause nor prejudice, and these two claims are procedurally defaulted.

Even if Movant had overcome the high hurdle of procedural default, these two claims lack merit.  A constructive amendment of an indictment occurs when "the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the crime charged." *United States v. Mikolajcayk*, 137 F.3d 237, 244 (5th Cir. 1998).  Movant contends the jury instructions, the Government's changing its theory of the case, and the evidence at trial constructively amended the indictment.  He does not explain what facts effectively modified which essential element of the crimes with which he was charged.  In addition, he does not reveal the alleged defect in the Government's grant of immunity to the witness.  Although courts must construe § 2255 motions liberally, conclusory allegations unsupported by any specific facts do not raise a constitutional issue in a habeas corpus proceeding.  *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989).  In addition, Movant has no standing to challenge the Government's grant of immunity to a third party.  *See In re Corrugated Container Anti-trust Litigation*, 620 F.2d 1086, 1094 (5th Cir. 1980). No relief is warranted based upon Movant's conclusory allegations of a constructively amended indictment and his claim that the Government improperly granted immunity to a witness.

## **Ineffective Assistance of Trial Counsel**

Movant makes the conclusory allegations that trial counsel (1) failed to investigate and hire an investigator; (2) failed to meaningfully communicate with Movant in pretrial detention to discuss trial strategy, subpoena defense witnesses, review the government's witness list and discovery material with Movant, interview government witnesses, or utilize Movant's input with

respect to the government's witnesses to properly cross-examine them; (3) failed to properly cross-examine the Government's witnesses (4) failed to challenge the constitutionality of the searches and the affidavit in support of the search warrants; (5) failed to file timely pretrial motions; (6) failed to file timely motions for discovery; (7) failed to object to all of the character assassination-type testimony introduced by the Government through its witnesses; (8) failed to properly object to the inflammatory nature of the testimony of government witnesses; (9) failed to move the court for a limiting instruction with respect to such testimony; (10) failed to object to opinion testimony elicited by the Government from the case agent; (11) failed to object to the highly inflammatory nature of the statements made against Movant by government witnesses; (12) failed to put the government to its burden of proof; and (13) failed to put on a proper defense.

Movant makes the conclusory allegation that trial counsel failed to conduct a proper pretrial investigation and/or hire an investigator. Movant does not explain what counsel should have investigated, what the investigation would have revealed, and how the investigation would have led to his acquittal. Moreover, the Federal Public Defender represented Movant. That office employs three investigators who are assigned to the Dallas and Fort Worth Divisions of the Northern District of Texas. Movant has not shown that counsel did not conduct an investigation or assign one of the investigators to this case. Movant's allegations that counsel failed to investigate and hire an investigator are not credible. Moreover, Movant has not shown how he was prejudiced.

With respect to Movant's other conclusory ineffective assistance of counsel claims, he fails to show that absent the alleged deficiencies of counsel, the result of the trial would have

been different or his sentence would have been lower. Ineffective assistance of counsel may not be proved by conclusory allegations. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Movant also asserts that his trial counsel (1) failed to challenge the jury instructions with respect to Movant acting as both the principal and as the aider and abettor; (2) failed to challenge the indictment for Movant being charged as both the principal and as an aider and abettor; and (3) failed to move the court for a special verdict with respect to whether Movant was determined to be guilty for acting as the principal or for aiding and abetting. The Court has previously noted that the terms of 18 U.S.C.§ 2 provide a punishment for one who aids or abets another in the commission of a substantive offense and allows the aider and abettor to be punished as if he were the principal. The statutory punishment range is identical. Movant has not shown that he would have been sentenced differently if counsel had challenged the jury instructions, the indictment, or moved for a special verdict. Any objections by counsel in this regard would have been frivolous, and counsel is not required to make frivolous objections. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Movant contends that trial counsel invited the Government, through redirect examination of a key witness, Hartke, to disclose Movant's former insurance scams to the jury. (Mot. at 7.) Hartke's statement, which discussed the scams and insurance jobs, had already been admitted into evidence as a Government Exhibit. Hence, counsel's examination of Hartke did not disclose information that was not already available to the jury. Movant fails to show that the result of the trial would have been different or his sentence lower, but for counsel's examination of Hartke. Movant failed to meet the *Strickland* standard for proving ineffective assistance of counsel on any of his ineffective assistance claims. Therefore, the claims should be denied.

9

## Ineffective Assistance of Appellate Counsel

Movant makes the conclusory allegation that appellate counsel "fail[ed] to raise all the viable and meritorious issues." (Mot. at 7.) The Government correctly points out that this allegation is insufficient to prove ineffective assistance of counsel. (Resp. at 10.) Movant does not state what issues appellate counsel should have raised or show how they would have changed the appellate decision. The choice of issues to raise on appeal is clearly a legal matter for counsel to decide. An appellate counsel is not required to raise every nonfrivolous ground that a defendant may want him to raise. *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

## Cumulative Error

Movant alleges that the cumulative errors of ineffective assistance of counsel, prosecutorial misconduct, and abuse of judicial discretion denied him a fair trial, warranting a reversal of his conviction. Errors that did not occur can have no cumulative effect. *United States v. Moye*, 951 F.2d 59, 63 n.7 (5th Cir. 1992). Movant's claims of errors in this case are without merit and therefore have no cumulative effect. The appellate court held that the evidence was sufficient to support his convictions, that the trial court did not err in admitting the opinion evidence of the officer regarding immunity, that the testimony about Movant's misconduct and bad character was harmless error, that the evidence about whether Movant was a law abiding citizen was admissible, that the prosecutor did not elicit inadmissible testimony about the scams and insurance jobs, and that the testimony that Movant was intoxicated during the clean-up job was also admissible. Movant procedurally defaulted his other claims of error by failing to raise them on appeal. Additionally, even if considered, the claims lacked merit.

A thorough review of the record reveals that trial counsel advanced a vigorous defense in an attempt to convince the jury to acquit Movant, that Movant failed to prove that either trial counsel or appellate counsel provided a constitutionally deficient defense, and that he failed to show that he was prejudiced by his counsel's conduct at trial or on appeal.  Movant failed to meet either prong of the *Strickland* test with respect to trial counsel, and his allegations with respect to appellate counsel also doubly failed .  The remaining issues that Movant raised should all be denied as well.  Movant received a fair trial, and he has not shown that he is entitled to a writ of habeas corpus on any ground.

## **RECOMMENDATION**

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 19th day of June, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).


PAUL D. STICKNEY

UNITED STATES MAGISTRATE JUDGE

12